McKinney, J.,
delivered the opinion of the court.
This case is brought here by both parties. The action was assumpsit, founded upon an unsealed “written agreement. The declaration contained special counts, assigning various breaches, and also the common mclebi-tatus counts.
The plaintiffs recovered judgment upon a general verdict on all the counts. On a subsequent day of the term, a motion was made in arrest of judgment, *522 upon the ground of a supposed misjoinder of counts in case with counts in assumpsit, and the motion was sustained and judgment arrested. From this action of the court the plaintiffs pi'osecuted an appeal in error to this court.
After verdict, and before the motion in arrest, a bill of exceptions, setting forth the evidence and various exceptions to the opinion of the Court, was tendered and signed; a motion for a new trial on behalf of the defendants, having been previously overruled, and the defendants have brought a writ of error.
We think there is error in the record to the prejudice of both parties, and that they are severally entitled to a reversal.
First. The Court erred in arresting the judgment. If it were even admitted that there is a misjoinder of counts, still no exception was taken by demurrer, or otherwise; and under the act of 1852, § 4, no motion in arrest of judgment could be maintained. The judgment in arrest must therefore be reversed.
Second. The judgment against the defendants, upon the verdict, is also erroneous.
1. The Court erred in the construction of the written contract, as to the extent of the obligation it imposed upon the defendants. The jury were instructed that “the defendants, by their contract, undertook to put the mills in successful operation;” and again, “that the proper meaning of the contract was, that the defendants should furnish a competent machinist to superintend the putting up of the machinery necessary to complete the mills, and not simply such articles of machinery as are specified in the contract.” This, we *523 think, is a misconstruction of the agreement. The defendants only undertook “ to furnish a good machinist to put up,” and “ put in successful operation,” the machinery specified in the Contract, which they had undertaken to furnish.
2. The rule as to damages, in some respects, we think, was laid down too broadly. The application of rules as to damages, is a subject of much confusion and difficulty, upon which we do not at present mean to^ enter. In actions of contract, generally speaking, the j damages are limited to the natural and proximate con-! sequences of the breach complained of, and damages remotely or consequentially resulting therefrom, or merely speculative damages, cannot be claimed.
The plaintiffs in the present case, are entitled to a just recompense, or indemnity,, for the direct and immediate losses which the non-performance ■ of the contract actually occasioned them.
But in the case of a- breach of a specific contract, like the present, the party injured is bound to use proper means and efforts to protect himself from unnecessary loss or damages, and can charge the other party only for such damages, as by reasonable endeavors and expense, he could not prevent. 2 Greenleaf’s Ev., § 264.
If, for instance, the quality or adaptation of the machinery to the particular purpose in view, could as well have been tested in a day or ,a week, as in a month or a year, upon no just principle ought the delinquent party to be subjected to the increased expenses resulting from the continued unavailing experiments needlessly persisted in by the other party.
*524 If tlio machinery, though not of the quality contracted for, were still of some value, and the plaintiffs retained and used it, the measure of damages would, of course, he the difference between the value, if fit for the purpose intended, and the actual value in point of fact.
Without going into particulars, we think evidence as to damages, of a nature too remote, uncertain aud speculative, to form a just and proper measure of the recompense to which the plaintiffs are entitled, was admitted to the jury; and it is impossible for us to know what influence it may have had upon the verdict.
The judgment against the defendants will likewise be reversed, and the case be remanded for a new trial.